UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CYNTHIA A. SMITH,

                              Plaintiff,

         v.                                                **DECISION AND ORDER**
                                                           09-CV-00231S

U.S. ARMY CORPS OF ENGINEERS and
JAMES MILLER, employee,

                              Defendants.

## I.  INTRODUCTION

Plaintiff Cynthia A. Smith ("Plaintiff"), proceeding *pro se,* commenced this

employment discrimination action by filing a Complaint in the United States District Court

for the Western District of New York.  (Docket No. 1.)  Therein, Plaintiff alleges that

Defendants, the U.S. Army Corps of Engineers ("USACE") and James Miller ("Miller"), in

his official capacity, discriminated against her on the basis of sex (female) in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (hereinafter, "Title VII")

and the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671 et seq. (hereinafter, "FTCA").

Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rule of

Civil Procedure 12(b)(1) and/or 12(b)(6).[1]  Plaintiff opposes this motion.[2]  For the reasons

stated below, Defendants' motion is granted.

---

[1]n support of its Motion, Defendants filed an Affidavit of Jane B. Wolfe., with Exhibits;
Memorandum of Law; and Reply Memorandum of Law.

[2]In response, Plaintiff filed a Memorandum of Law; and Affidavit of Cynthia A. Smith.

## II.  BACKGROUND

**A.     Facts**

Plaintiff is the sole owner of Morning Star Construction, a company based in Rochester, New York.  (See Compl., Formal Stmt., p. 1.)  During the Hurricane Katrina recovery effort in Louisiana, she operated the dump truck she owned pursuant to a multi-tier contract.  (Id. p. 1.)  Phillips and Jordan, Inc. was the prime contractor under the multi-tier contract.  (Id. p. 2.)  Operating under them was Bertucci Construction of New Orleans, Louisiana; Terry Tree Service of Rochester, New York; and Germeo Excavating, Inc. of Holley, New York.  (Id. p. 2.)

Plaintiff was a member of a four-person haul crew supervised by Gary Germeo ("Germeo") of Germeo Excavating, Inc.  (Id.)  Germeo would load dump trucks with debris from the streets in the assigned locations.  (Id.)  Once the trucks were loaded and tarped, a ticket writer would issue a load slip for the material.  (Id.)

In or around February 2006, each time Plaintiff was waiting for the ticket writer to issue her a load slip, Miller, a Commander for the USACE, made comments regarding her looks, body, and relationship status.  (Compl., p. 4; See Compl., Formal Stmt. pp. 2-3.)  For instance, Miller asked Plaintiff to take of her sunglasses, then commented on how pretty her eyes were.  (See Compl., Formal Stmt. p. 2.)  He also asked Plaintiff to remove her hard hat and commented how beautiful she looked without her hard hat on.  (Id. pp. 3-4.)  In addition, Miller questioned Plaintiff about her relationship with her boyfriend and stated it was "killing [him]" that she "belong[ed] to someone else."  (Id. p. 4.)  He further stated that he would like to get her supervisor to fire her so he could look at her more often.  (Id.)

2

On another occasion, Bobby Taylor, employee of City Wide, asked Plaintiff to unzip her white safety suit, then placed his finger on her stomach and commented to Miller that her stomach was nice and he should get a closer look.  (Id. p. 3.)  Miller then approached Plaintiff, telling her he had not been with a woman in six months.  (Id.)

After Plaintiff's supervisor brought the harassment to the attention of the USACE, her crew was closely watched in order to catch them making any mistakes.  (Id. pp. 4-5.)  For instance, on February 25, 2006, USACE employee Josh Jimmerfield circled their area approximately 16 times. (Id. p. 5.)  In addition, Miller drove up to Germeo as he was pulling nails from his loader tire.  (Id.)  Miller asked if any nails had gone through.  (Id.)  Germeo said "no," then walked away.  (Id.)

## B.    Procedural History

On February 26, 2008, Plaintiff filed a claim pursuant to the FTCA against the United States.  (See Compl., FTCA Claim.)  On February 25, 2009, the Department of the Army denied Plaintiff's claim, finding that the allegations against Miller, if true, do not amount to sexual harassment.  (See Compl., Dept. of Army Letter.)

On March 9, 2009, Plaintiff commenced this action, *pro se*, by filing a Complaint with the Clerk of this Court.  (Docket No. 1.)  Defendants filed the instant Motion to Dismiss on August 10, 2009.  (Docket No. 9.)

## III.  DISCUSSION AND ANALYSIS

## A.    Standards of Review

Defendants argue that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and/or for failure to state a claim upon which

relief could be granted under Rule 12(b)(6).

**1.     Rule 12(b)(1)**

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of establishing the existence of federal jurisdiction.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

Where, as here, the jurisdictional challenges are raised at the pleading stage, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008). It is "presume[d] that general [fact] allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) (alterations added).  The court also may consider affidavits and other evidence outside the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in affidavits. J.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004), *cert. denied*, 544 U.S. 968, 125 S. Ct. 1727, 161 L. Ed. 2d 616 (2005).  Indeed, courts "must" consult factual submissions "if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction." Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001).

**2.     Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal pleading standards are generally

not stringent.  Rule 8 requires only a short and plain statement of a claim.  Fed. R. Civ. P. 8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (internal quotation marks and alteration omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  <u>See</u> <u>Roth v. Jennings</u>, 489 F.3d 499, 510 (2d Cir. 2007); <u>Goldstein v. Pataki</u>, 516 F.3d 50, 56 (2d Cir. 2008).  This is especially true when the plaintiff is a *pro se* litigant.  <u>See</u> <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2nd Cir. 1994) (holding that where plaintiff is a *pro se* litigant, the court will read his supporting papers liberally and interpret them to "raise the strongest arguments they suggest.") However, legal conclusions are not afforded the same presumption of truthfulness.  <u>See</u> <u>Iqbal</u>, ___ U.S. ___, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

The Court's responsibility on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient."  <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2nd Cir. 1985).  A court shall grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim[s] which would entitle her to relief."  <u>Gregory v. Daly</u>, 243 F.3d 687, 691 (2nd Cir. 2002) (quoting <u>Conley v. Gibson</u>, 335 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  In reaching its determination, a court's review must be limited to the complaint and documents attached or incorporated by reference thereto.  <u>See</u> <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991).

5

**B.     Application**

**1.     Plaintiff's Title VII Claim**

Plaintiff alleges she was sexually harassed in violation of Title VII while working on the Hurricane Katrina relief effort in New Orleans.  (See Compl., p. 4.)

**(i)     Plaintiff was not a federal employee for purposes of Title VII**

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's. . . sex. . ." 42 U.S.C. § 2000e-2(a)(1).

Defendants argue that Plaintiff was not an employee of the USACE, thus she cannot avail herself of Title VII's protections.  (Defs.' Memo., pp. 7-8.)  Defendants contend she was not "hired" by the USACE, but contracted with Phillips and Jordan, Inc., as a fourth tier contractor.  (Defs.' Memo., p. 9.)  They state Plaintiff was a member of a four person crew who was supervised by Germeo Excavating, Inc.  (Defs.' Memo., p. 9.)  Furthermore, Plaintiff provided and operated her own dump truck. (Defs.' Memo., p. 9.) Defendants also point out that Plaintiff was a civilian contractor, who accrued no retirement, health or employee benefits of any kind from the Department of the Army.  (Defs.' Memo., p. 9.) Lastly, Defendants argue that general oversight by the USACE to ensure compliance with its contract specifications with Phillips and Jordan, Inc. does not equal control over the manner and means of Plaintiff's work performance for Germeo Excavating, Inc.  (Defs.' Memo., p. 9.)

Plaintiff argues that the USACE controlled her work during the cleanup project, such that there was an employer-employee relationship.  (Pl.'s Memo., p. 2.) She states that the

USACE controlled every function clean-up workers made, and threatened to fire whoever did not adhere to each and every rule the USACE imposed. (Pl.'s Memo., pp. 2, 3.)

"In order to prevail on a Title VII [ ] claim, a plaintiff must prove the existence of an employment relationship," as Title VII protects only "employees," not independent contractors. Stetka v. Hunt Real Estate Corp., 859 F.Supp. 661, 665 (W.D.N.Y. 1994) (citing Matthews v. New York Life Insurance Co., 780 F.Supp. 1019, 1024 (S.D.N.Y. 1992)).

The Supreme Court directs that "where a statute containing the term 'employee' does not helpfully define it, the common law agency test should be applied." Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992). Under this test, the primary focus is on the "hiring party's right to control the manner and means by which the product is accomplished." O'Connor v. Davis, 126 F.3d 112, 115 (2nd Cir. 1997) (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52, 109 S.Ct. 2166, 2178-2179, 104 L.Ed.2d 811 (1989)). The Supreme Court has set out several factors to consider including:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in that business; the provision of employee benefits; and the tax treatment of the hired party.

Id. (quoting Reid, 490 U.S. at 751-52, 109 S.Ct. at 2178-2179).

No one factor is decisive, as "all of the incidents of the relationship must be

assessed and weighed." <u>Frankel v. Bally, Inc.</u> 987 F.2d 86, 90 (2nd Cir. 1993).  "[T]he determination of whether a plaintiff is an employee or an independent contractor is a question of law, while the existence and degree of the legal factors to be considered are questions of fact." <u>Brock v. Superior Care, Inc.</u>, 840 F.2d 1054, 1059 (2nd Cir. 1988).

Neither Plaintiff's complaint, nor her formal statement provide support for her allegation that the USACE controlled the manner and means by which she performed her work.  Thus, Plaintiff has failed to state a claim for which relief can be granted under Title VII.

Although leave to amend a complaint should be freely given, especially where a plaintiff is proceeding *pro se*, allowing Plaintiff to do so would be futile given the reasons for dismissal discussed below.[3]

### (ii)    Plaintiff failed to exhaust her administrative remedies

Defendants contend that even if Plaintiff could show she was an "employee" of the USACE, she failed to exhaust her administrative remedies by contacting an EEO counselor within 45 days of the alleged discriminatory acts in February 2006.  (Defs.' Memo., p. 10.) Plaintiff does not respond to this argument, thus it appears she concedes she did not exhaust her administrative remedies.

To sustain a claim under Title VII in federal court, a plaintiff must first exhaust her administrative remedies.  <u>Briones v. Runyon</u>, 101 F.3d 287, 289 (2nd Cir. 1996).  If a federal employee fails to avail herself of the administrative remedies in a timely manner, a federal court lacks jurisdiction to hear that employee's claim.  <u>Dillard v. Runyon</u>, 928,

---

[3]Leave to amend should be liberally granted, except where the amendment would be futile. <u>Forman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 222 (1962).

F.Supp. 1316, 1323 (S.D.N.Y. 1996).

Pursuant to the applicable Equal Employment Opportunity Commission ("EEOC") regulations, "aggrieved persons who believe they have been discriminated against on the basis of. . . sex. . . must consult a Counselor" within 45 days of the allegedly discriminatory act. 29 C.F.R. § 1614.105(a)(1).  "Failure to seek EEO counseling within the requisite time period precludes a plaintiff from pursuing a discrimination claim in federal court." Heins v. Potter, 271 F.Supp.2d 545, 552 (S.D.N.Y. 2003).  However, this statutory requirement is analogous to a statute of limitations and is, therefore, subject to waiver, estoppel, and equitable tolling.  Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir. 1985).

After timely filing a formal administrative complaint, the federal employee may bring a civil action in federal district court only (1) within 90 days of receiving notice of a final administrative decision, or (2) if, after 180 days from the date of filing the administrative complaint, there has been no adminstrative decision.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a), (b).  These procedural requirements "are not to be disregarded by courts out of vague sympathy for particular litigants."  Baldwin Cnty. Welcome Cntr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1994).

Plaintiff did not satisfy the procedural prerequisites to filing suit in federal court. Plaintiff has failed to provide evidence or even allege that she contacted an EEO counselor at any point, let alone within the 45 day limitation, or that she timely filed a charge with the EEOC prior to filing her complaint with this Court.  The Court finds no basis to apply the doctrines of waiver, estoppel, or equitable tolling.

Defendants' motion to dismiss as to Plaintiff's Title VII claim is granted for lack of

subject matter jurisdiction.

### (iii)   The Court lacks jurisdiction over the named Defendants

Defendants further argue that the Court lacks jurisdiction over both named Defendants.  Plaintiff does not respond to this argument, thus she appears to concede dismissal is appropriate.

It is well-settled that under Title VII, only the "head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c).  Miller is not the head of the USACE.  Rather, the proper defendant in this case would be the Secretary of the Army.  Torres v. U.S. Dep't. of Veteran Affairs, 2004 WL 691237, at * 2 (S.D.N.Y. Mar. 31, 2004).  Thus, neither Miller nor the USACE are the proper parties in an action alleging employment-related discrimination under Title VII.

While Plaintiff requests this Court to amend the caption to substitute the United States as defendant in this action, it is still not the proper party.

### 2.   Plaintiff's FTCA Claim

Plaintiff also alleges jurisdiction under the Federal Tort Claims Act ("FTCA" or "Act"), seeking compensation for emotional distress and humiliation.  (Compl., pp. 1, 5.)

### (i)   USACE is not the proper defendant

Defendants argue the United States has not authorized suits against its agencies, including the USACE, and the claim must be dismissed.  (Defs.' Memo., p. 13.)  Plaintiff does not oppose this argument.

"One cannot sue the United States without its consent and a court has no jurisdiction of a suit against the United States to which it has not consented."  Gnotta v.

10

U.S., 415 F.2d 1271 (8th Cir. 1969), cert. denied, 397 U.S. (1970) (citing cases).  The

FTCA, acting as a waiver of sovereign immunity of the U.S. government, gives district

courts "exclusive jurisdiction of civil actions on claims against the United States for money

damages. . . for injury or loss of property, or personal injury or death caused by the

negligence or wrongful act or omission of any employee fo the Government while acting

within the scope of his office or employment. . . "  28 U.S.C. § 1346(b)(1); see Galvin v.

Occupational Safety & Health Admin., 860 F.2d 181, 183, fn. 2 (5th Cir. 1988).  Thus, the

United States is the proper party in a tort claim arising under the FTCA.  28 U.S.C. §

2679(a).

Although Plaintiff requests the Court to amend the caption to substitute the United

States as the sole defendant in this suit, allowing the Plaintiff to do so would be futile for

the reasons discussed below.

### (ii)     Plaintiff has failed to state a claim under the FTCA

Defendants argue that even if Plaintiff had named the proper defendant, her claims

would still not be cognizable under the FTCA.  (Defs.' Memo., p.17.)

The Act states that district courts only have jurisdiction "under circumstances where

the United States, if a private person, would be liable to the claimant in accordance with

the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  In this

case, the "law of the place" is the state of Louisiana, where Plaintiff performed her work.

Plaintiff does not specify which Louisiana tort law her FTCA claim is grounded in.

Plaintiff's Complaint alleges liability for emotional distress and humiliation based on sexual

harassment and discrimination.  Reading her claim liberally and keeping in mind the

exceptions to the FTCA's waiver of sovereign immunity[4], the Court construes her claim to be based upon intentional infliction of emotional distress.

In order to state a claim for intentional infliction of emotional distress in Louisiana, a plaintiff must show:

> (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his or her conduct.

White v. Monsanto Co., 585, So.2d 1205, 1209 (La. 1991).

Defendants argue that Plaintiff's allegations are not sufficient to state a claim for intentional infliction of emotional distress.   Plaintiff's allegations of harassment and discrimination include Miller asking her to take off her sunglasses and hard hat, commenting on how good she looked, asking about her boyfriend, wanting her to come work for him so he could look at her more often, and another contractor asking her to unzip her white suit and commenting on how nice her stomach was.

To survive a claim for intentional infliction of emotional distress, the conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."   White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991).   The Court finds the conduct Plaintiff endured consisted of "insults, indignities, threats, annoyances, petty obsessions, or other trivialities," which are not enough to create

---

[4]In addition to others, section 1346(b) does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  18 U.S.C. § 2680(h).

liability.  Id.  In addition, the few comments during the month of February 2006 do not show a pattern of deliberate, repeated harassment.  Id. at 1210 (finding "[r]ecognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time"); see, e.g. Humphress v. United Postal Serv., Inc., 172 F.3d 48 (6th Cir. 1998), cert. denied, 526 U.S. 1099, 119 S.Ct. 1576, 143 L.Ed.2d 672 (1999) (finding the threshold of outrageousness was not met where plaintiff, after filing a labor grievance, was subject to a "campaign of harassment" by his co-workers including (1) finding grease placed on various parts of his work truck where it did not belong, (2) discovering obscenity written on his truck windshield, and (3) discovering that a picture of his daughter he kept at work was defaced); Roscoe v. Hastings, 999 So.2d 1218, 1221-1222 (La.App. 2nd Cir. 2009) (supervisor's conduct not extreme and outrageous where he made "graphic sexual comments to her, remarked on her relationship with her husband, called her a b- - - - on numerous occasions, and allowed co-employees to make derogatory remarks to her"); Beaudoin v. Hartford Acc. & Indem. Co., 594 So.2d 1049, 1050 (La.App. 3rd Cir. 1992) (employer's conduct not extreme and outrageous where he "constantly raised his voice to her, cursed, called her names such as dumb and stupid, went into violent, screaming rages, and made statements about her appearance, such as calling her fat").

Plaintiff has not alleged an "injury or loss of property, or personal injury or death" as specified in § 1346(b), nor has she alleged "extreme and outrageous" conduct sufficient to establish a claim for intentional infliction of emotional distress under Louisiana state law. Defendants' motion to dismiss as to Plaintiff's FTCA claim is granted.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted.


## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 9) is

GRANTED.


FURTHER, that the Clerk of the Court is directed to close this case.


SO ORDERED.


Dated:  May 20, 2011
      Buffalo, New York



<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court

14